Argued December 22, 1975, affirmed February 9, 1976

MARVIN, *Petitioner,*
*v.*
FAIRVIEW HOSPITAL AND TRAINING
CENTER, *Respondent.*
(CA 5113)
545 P2d 618

*John S. Irvin,* Salem, argued the cause and filed the brief for petitioner.

*John W. Burgess,* Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Lee Johnson, Attorney General, and W. Michael Gillette, Solicitor General, Salem.

Before Schwab, Chief Judge, and Langtry and Thornton, Judges.

THORNTON, J.

[ 349 ]

**THORNTON, J.**

In this judicial review proceeding petitioner appeals from the decision of the Employment Relations Board (ERB) which ruled that he was not entitled to two weeks' pay on the ground that he was disabled during the period in question.

In June of 1974 petitioner injured his back while performing his duties as a psychiatric aide in the employment of respondent, Fairview Hospital and Training Center. On October 4, 1974, petitioner presented respondent with a form completed by his physician, Dr. Fax, releasing him for work but with a restriction against heavy lifting for a period of four weeks.[1] Respondent refused to allow petitioner to return with this restriction.[2]

On October 8 petitioner presented respondent with a one-line note from Dr. Fax which only stated: "Released for full work." Because of the short interval between the two inconsistent statements from Dr. Fax, respondent refused to allow petitioner to return to work.

On October 9 respondent sent a letter to Dr. Fax asking for further explanation. Dr. Fax replied by letter dated October 17, that although he would prefer petitioner return to work gradually, petitioner could return to work without restriction. Respondent allowed petitioner to return to work on October 22.

Petitioner brought this action before ERB in January of 1975 seeking a determination of whether he was entitled to pay for the two-week period from October 8 to October 22.

---

[1] "2. Physical work restriction is necessary as indicated below.

"* * * * *

"f. * * * Limited lifting and carrying, 15-34 pounds.

"* * * * *"

[2] Petitioner's duties as a psychiatric aide required him to lift patients in and out of bed. Respondent apparently was concerned with the safety of patients when it refused to allow petitioner to return to work.

ORS 659.415 provides:

"*A workman who has sustained a compensable injury shall be reinstated by* his employer to his former position of employment or employment which is available and suitable upon demand for such reinstatement, *provided that the workman is not disabled* from performing the duties of such position. A certificate by a duly licensed physician that the physician approves the workman's return to his regular employment shall be prima facie evidence that the workman is able to perform such duties." (Emphasis supplied.)

ERB, by decision dated March 20, 1975, held that petitioner was not disabled as of October 8, 1974, and therefore entitled to pay for the two weeks in question.

Respondent succeeded in having the case reopened in April in order to submit additional evidence. Respondent submitted a letter from Dr. Fax concerning petitioner's condition on January 31, 1975. That letter indicated that petitioner was still having considerable difficulty with his back as a result of his original injury and that he may have to return to a total disability status. After considering this evidence ERB withdrew its earlier decision and held that petitioner was disabled as of October 8, 1974, and therefore not entitled to the two weeks' pay.

Petitioner argues that he was not disabled as of October 8 and therefore is entitled to be paid for the period from October 8 to October 22.

■ Our review is limited to a determination of whether ERB's decision is supported by reliable, probative and substantial evidence. ORS 183.480(7)(d). If there is such evidence to support ERB's finding that petitioner was disabled, we must affirm.

■ The form completed by Dr. Fax of October 4 is itself evidence of petitioner's disability on that date. It stated that petitioner should not attempt normal lifting for four weeks. The full-release note of October 8, while it does diminish the evidentiary value of the October 4 form, does not totally destroy its value.

Additionally, the letter of February 20, 1975, while removed in time, is competent evidence as to petitioner's condition the preceding October.

Affirmed.